UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WESLIE MARTIN, | Case No. 3:22-cv-00101-LRH-CLB |
| Petitioner, | **ORDER** |
| v. | |
| WILLIAM REUBART, et al., | |
| Respondents. | |

*Pro se* Petitioner Weslie Martin has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) On March 25, 2022, the Court instructed Martin to resolve the filing fee, and he timely complied. (ECF Nos. 3, 4.) As such, this matter comes before the Court for an initial review under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, the Court directs the Petition to be filed and served upon the respondents.

Martin challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Weslie Martin*, Case No. C-18-334047-1.[1] On November 1, 2019, the state court entered a judgment of conviction, pursuant to a jury verdict, of two counts of grand larceny, grand larceny of a firearm, attempted burglary, two counts of burglary, robbery with the use of a deadly weapon, cruelty to animals, and ownership or possession of a firearm by a prohibited person. Martin appealed, and the Nevada Supreme Court affirmed on

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

November 30, 2021. The Nevada Supreme Court denied Martin's petitions for rehearing and for en banc reconsideration on January 5, 2022, and February 2, 2022, respectively. On May 22, 2020, Martin filed a state petition for writ of habeas corpus. *Weslie Martin v. Warden William Guittere*, Case No. A-20-815394-W. The state court denied post-conviction relief on March 14, 2022. A review of the Nevada Supreme Court's electronic database reveals that Martin has not filed a post-conviction appeal.

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

A petition for federal habeas corpus shall include all claims for relief of which petitioner is aware. If Martin fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. § 2244(b). If Martin is aware of any claim not included in his Petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his Petition to add the claim.

IT IS THEREFORE ORDERED that the Clerk of the Court shall file the Petition (ECF No. 1-1). The Clerk shall also electronically serve the Petition and a copy of this order on the respondents.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for respondents and to provide respondents'

counsel an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing.

IT IS FURTHER ORDERED that respondents shall have 60 days from the date of entry of this order to appear in this action, and to answer or otherwise respond to the Petition.

IT IS FURTHER ORDERED that if respondents file an answer, Martin shall have 60 days from the date on which the answer is served on him to file and serve a reply. If respondents file a motion to dismiss, Martin shall have 60 days from the date on which the motion is served on him to file and serve a response to the motion to dismiss, and respondents shall, thereafter, have 30 days to file a reply in support of the motion.

IT IS FURTHER ORDERED that any state court record exhibits filed herein by either Martin or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment.

DATED THIS 26th day of April, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE