**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WESLIE MARTIN,

                   Petitioner,

v.

WILLIAM REUBART, et al.,

                   Respondents.

Case No. 3:22-cv-00101-LRH-CLB

**ORDER**

Petitioner Weslie Martin, a Nevada prisoner, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 6 ("Petition").) Currently before the Court is Respondents' motion to dismiss the Petition. (ECF No. 18.) Martin responded to the motion, and Respondents replied.[1] (ECF Nos. 20, 21.) For the reasons discussed below, the motion is granted, in part, and denied, in part.

### I.    Procedural History and Background

Martin challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). On November 1, 2019, the state court entered a judgment of conviction, pursuant to a jury verdict, of two counts of invasion of the home, burglary while in possession of a firearm, two counts of grand larceny, grand larceny of a firearm, attempted burglary, two counts of burglary, robbery with the use of a deadly weapon, cruelty to animals, and

---

[1] Martin has filed an objection to Respondents' reply, arguing that it should be stricken as untimely. (ECF No. 22.) In its scheduling order, this Court ordered that "[i]f respondents file a motion to dismiss, Martin shall have 60 days from the date on which the motion is served on him to file and serve a response to the motion to dismiss, and respondents shall, thereafter, have 30 days to file a reply in support of the motion." (ECF No. 5 at 3.) Martin filed his response to the motion to dismiss on September 28, 2022 (ECF No. 20), so Respondents had until October 28, 2022, to file their reply. Respondents filed their reply on October 26, 2022, so it is timely and will not be struck.

ownership or possession of a firearm by a prohibited person.[2] (ECF No. 15-34.) Martin was sentenced to an aggregate of 271 to 768 months in prison. (*Id.* at 5.) Martin appealed, and the Nevada Supreme Court affirmed on November 30, 2021. (ECF No. 17-13.) On May 22, 2020, and December 15, 2021, Martin filed state petitions for a writ of habeas corpus. (ECF Nos. 15-48, 17-14.) The state court denied Martin post-conviction relief on March 14, 2022. (ECF No. 17-22.) Martin did not file a post-conviction appeal.

Martin transmitted the instant Petition on February 11, 2022. (ECF No. 6.) Respondents move to dismiss the Petition, arguing that Martin raises unexhausted and conclusory claims. (ECF No. 18.)

**II.     Legal Standards & Analysis**

      **a.   Exhaustion**

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v.*

---

[2] When this Court listed Martin's charges in its screening order, it only listed 9 convictions. (*See* ECF No. 5 at 1.) At the time of screening, this Court did not have the benefit of access to Martin's judgment of conviction. Instead, this Court took judicial notice of the convictions that were listed on Martin's docket on the Eighth Judicial District Court's website, which appears to be incomplete.

1  *Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must

2  include reference to a specific federal constitutional guarantee, as well as a statement of the facts

3  that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518

4  U.S. 152, 162–63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair

5  presentation requires both the operative facts and federal legal theory upon which a claim is based).

6      A state appellate court decision on the merits of a claim of course exhausts the claim. *E.g.*,

7  *Comstock v. Humphries*, 786 F.3d 701, 707 (9th Cir. 2015). "In the exhaustion context, the

8  Supreme Court has admonished lower courts that the complete exhaustion requirement is not

9  intended to 'trap the unwary *pro se* prisoner.'" *Davis v. Silva*, 511 F.3d 1005, 1009 n.4 (9th Cir.

10  2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (rejecting argument that petitioner

11  should be limited to claims in an initial federal petition after returning to federal court from state

12  exhaustion proceedings)). "More generally, the Court has held *pro se* pleadings to a less stringent

13  standard than briefs by counsel and reads *pro se* pleadings generously, 'however inartfully

14  pleaded.'" *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)).

15      A claim is not exhausted unless the petitioner has presented to the state court the same

16  operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California*

17  *Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). "A claim has not been fairly presented

18  in state court if new factual allegations either 'fundamentally alter the legal claim already

19  considered by the state courts,' or 'place the case in a significantly different and stronger

20  evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d

21  1302, 1318 (9th Cir. 2014).

22

23

3

### i.  Ground 1

The Court reads Ground 1 as alleging the following claim: the grand jury returned a true bill for 9 charges, but the indictment, which was never filed on the record, was impermissibly broadened because it brought 11 charges. (ECF No. 6 at 3.) Respondents argue that Ground 1 is unexhausted because Martin failed to specifically present this ground as a federal claim under the Fifth, Sixth, or Fourteenth Amendments in his direct appeal; rather, he only *likened* Nevada's Grand Jury Clause to the Grand Jury Clause in the Fifth Amendment. (ECF No. 18 at 6.)

To "fairly present" a federal claim to the state courts, a petitioner must have alerted the state courts to the fact that he was asserting a claim under the United States Constitution. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005) ("[T]o alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis."). In his direct appeal, Martin quotes Article 1 § 8 of the Nevada Constitution, and then stated that "Nevada's Grand Jury Clause is similar in language to the Grand Jury Clause in the Fifth Amendment." (ECF No. 16-38 at 64.) Martin then quotes the Fifth Amendment and explains that "[t]he United States Supreme Court has interpreted the Fifth Amendment's Grandy Jury Clause to prohibit amendments that broaden the charges in an Indictment." (*Id.* (citing *Stirone v. United States*, 361 U.S. 212, 216 (1960) ("[A]fter an indictment has been returned its charges may not be broadened through amendments except by the grand jury itself.").) Based on these arguments, this Court finds that Martin couched his claim within a federal constitutional framework by submitting federal constitutional law and precedent to the Nevada Supreme Court to support his claim. As such, Ground 1 is exhausted.

### ii.  Ground 2

The Court reads Ground 2 as alleging the following claims: (a) Martin was unconstitutionally presented with the option of representing himself or proceeding with incompetent counsel who used vulgar language, conceded guilt at trial, and failed to preserve several grounds for appeal, (b) his counsel failed to raise grounds at trial and on appeal against Martin's wishes, and (c) his rights under the Ninth Amendment were violated. (ECF No. 6 at 5.) Respondents argue that Ground 2(b) and Ground 2(c) are unexhausted. (ECF No. 18 at 7.) Respondents are correct; Martin did not present Ground 2(b) and 2(c) to the state appellate courts (*see* ECF No. 16-38), and therefore, Ground 2 is partially unexhausted.

### iii.  Ground 3

The Court reads Ground 3 as alleging a claim that there was insufficient evidence to sustain his convictions. (ECF No. 6 at 7.) Included within this claim is Martin's assertion that "[t]he D.A. also switched theories of prosecution 'AT TRIAL.'" (*Id.*) Respondents argue that this switching-theories-of-prosecution argument is a separate claim that has not been exhausted. (ECF No. 18 at 7.) This Court does not interpret Martin's switching-theories-of-prosecution argument as a separate claim; rather, it appears that Martin included this argument in support of his claim that there was insufficient evidence. Indeed, in his direct appeal regarding the alleged insufficiency of the evidence for his robbery with a deadly weapon conviction, Martin argued that in the charging document, the prosecution alleged that he used direct force to take property from the victim, but because the victim never testified that force was used against her, the prosecution expanded its theory to include the taking of property by fear. (ECF No. 16-38 at 55–57.) Accordingly, Martin argued that the state appellate court should evaluate whether there was sufficient evidence for the robbery charge by evaluating whether the prosecution met its burden of proof of demonstrating

direct force—not merely fear—as was alleged in the charging document. (*Id.*) Based on these

arguments, this Court finds that Ground 3 is exhausted.[3]

### iv.  Ground 4

The Court reads Ground 4 as alleging the following claims: (a) the state district court judge

was biased, (b) the state district court refused to allow Martin to receive crime stoppers

information, (c) the Nevada Supreme Court justices were biased, (d) he was not informed of the

nature of the charges against him, and (e) he was denied his right to confront witnesses. (ECF No.

6 at 9.) Respondents argue that the entirety of Ground 4 is unexhausted. (ECF No. 18 at 8.) Apart

from Ground 4(b), the claims in Ground 4 were not presented to the state appellate courts.

Regarding Ground 4(b), Martin argued that that "[i]n prohibiting [him] from obtaining

CrimeStoppers information under seal or not under seal, prior to trial or on appeal, [the] court

violated [his] constitutional right to due process." (ECF No. 16-38 at 92.) Ground 4 is partially

unexhausted.

### v.  Ground 5

The Court reads Ground 5 as alleging the following claims: (a) law enforcement illegally

searched Martin's backpack, and (b) law enforcement's collection of his DNA from a buccal swab

was an illegal seizure. (ECF No. 6 at 11.) Respondents argue that Ground 5(b) is unexhausted.

(ECF No. 18 at 8.) While Martin did bring a Fourth Amendment violation claim in his direct

appeal, that claim was limited to law enforcement's search of his backpack. (ECF No. 16-38 at

80–85.) Consequently, Ground 5 is partially unexhausted.

---

[3] Respondents also argue that Martin's switching-theories-of-prosecution argument is a separate claim that is conclusory. (ECF No. 18 at 13.) Because this Court does not interpret this argument as a separate claim—rather than merely a supporting argument for his insufficient-evidence claim—this Court declines to dismiss it as conclusory.

#### b. Conclusory claims

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule(s)") requires a federal habeas petition to specify all grounds for relief and "state the facts supporting each ground." Notice pleading is not sufficient to satisfy the specific pleading requirements for federal habeas petitions. *Mayle v. Felix*, 545 U.S. 644, 655–56 (2005) (noting that Rule 8(a) of the Federal Rules of Civil Procedure requires only "fair notice" while Habeas Rule 2(c) "is more demanding," mere legal conclusions without facts are not sufficient—"it is the relationship of the facts to the claim asserted that is important"). Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief. *Mayle*, 545 U.S. at 649; *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). A claim for relief is facially plausible when the pleading alleges facts that allow the court to draw a reasonable inference that the petitioner is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), conclusory allegations unsupported by specific facts are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

#### i. Equal protection violations

Respondents argue that Martin alleges violations of his rights under the Equal Protection Clause in Grounds 1, 2, and 4 but fails to allege any specific facts to show purposeful discrimination or a discriminatory impact. (ECF No. 18 at 11.) Martin alleges a violation of his right to equal protection in the headings of Grounds 1, 2, and 4. (ECF No. 6 at 3, 5, 9.) However, as Respondents argue, Martin fails to allege any facts that allow this Court to draw a reasonable inference that Martin is entitled to relief on an equal protection basis. As such, to the extent that

Grounds 1, 2, and 4 argue that Martin's right under the Equal Protection Clause were violated, those grounds are dismissed.

### ii.     Ground 2(b)

As a reminder, in Ground 2(b), Martin alleges that his counsel failed to raise grounds at trial and on appeal against his wishes. (ECF No. 6 at 5.) Respondents argue that Martin fails to specifically allege the issues his attorneys failed to raise. (ECF No. 18 at 12.) This Court agrees. Martin fails to allege facts regarding this alleged violation of his federal rights. Ground 2(b) is dismissed.

### iii.     Ground 2(c)

As a reminder, in Ground 2(c), Martin alleges that his rights under the Ninth Amendment were violated. (ECF No. 6 at 5.) Respondents argue that this claim is conclusory. (ECF No. 18 at 12.) This Court agrees. Martin fails to allege any facts regarding this alleged violation of his rights under the Ninth Amendment. Ground 2(c) is dismissed.

### iv.     Grounds 4(d) and 4(e)

As a reminder, in Grounds 4(d) and 4(e), Martin alleges, respectively, that he was not informed of the nature of the charges against him and was denied his right to confront witnesses. (ECF No. 6 at 9.) Respondents argue that this claim is conclusory. (ECF No. 18 at 12–13.) This Court agrees. Martin fails to allege any facts regarding these alleged violations. Grounds 4(d) and 4(e) are dismissed.

### v.     Grounds 4(a) and 4(c)

As a reminder, in Grounds 4(a) and 4(c), Martin alleges, respectively, that the state district court judge and Nevada Supreme Court justices were biased. (ECF No. 6 at 9.) Respondents argue that Grounds 4(a) and 4(c) are conclusory. (ECF No. 18 at 13.) This Court disagrees. Construing

Martin's pleadings liberally, Martin alleges specific facts to support these claims: the victim had a civil case before the same state district court judge, the state district court judge was friends with the victim, and some of the Nevada Supreme Court justices were friends with the victim. (ECF No. 6 at 9.)

### vi.   Ground 5

As a reminder, in Ground 5, Martin alleges that (a) law enforcement illegally searched Martin's backpack, and (b) law enforcement's collection of his DNA from a buccal swab was an illegal seizure. (ECF No. 6 at 11.) Respondents argue that Ground 5 is conclusory. (ECF No. 18 at 14.) This Court disagrees. Construing Martin's pleadings liberally, Martin alleges specific facts to support these claims: he never consented to a search of his backpack, the prosecution failed to demonstrate that he consented to the search of the backpack because the officer could not remember the encounter, the detective signed the search warrant for his DNA instead of a judge, and Martin's DNA was already in the system. (ECF No. 6 at 11.)

### III.   Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court concludes that Grounds 4 and 5 are partially unexhausted. Because the Court finds that the petition contains unexhausted claims, Martin has these options:

> 1.   He may submit a sworn declaration voluntarily abandoning the portions of the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2.      He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice;[4] or

3.      He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

If Martin wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and Martin to reply. Or Martin may file a declaration voluntarily abandoning his unexhausted claims, as described above. Martin's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Martin is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28

---

[4] This Court makes no assurances as to the timeliness of any future-filed petition.

1 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever

2 choice he makes regarding his petition.

3 **IV.    Conclusion**

4 **IT IS THEREFORE ORDERED** that Respondents' motion to dismiss (ECF No. 18) is

5 **GRANTED** in part as follows:

6     1.   Grounds 2(b), 2(c), 4(d), and 4(e) are dismissed as conclusory.

7     2.   The portions of Grounds 1, 2, and 4 alleging equal protection violations are dismissed

8        as conclusory.

9     3.   Grounds 4(a), 4(c), and 5(b) are unexhausted.

10 **IT IS FURTHER ORDERED** that Petitioner shall have 30 days to either: (1) inform this

11 Court in a sworn declaration that he wishes to formally and forever abandon Grounds 4(a), 4(c),

12 and 5(b) and proceed on the exhausted grounds (Grounds 1, 2(a), 3, 4(b), and 5(a)); OR (2) inform

13 this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order

14 to return to state court to exhaust Grounds 4(a), 4(c), and 5(b); OR (3) file a motion for a stay and

15 abeyance, asking this Court to hold his exhausted grounds (Grounds 1, 2(a), 3, 4(b), and 5(a)) in

16 abeyance while he returns to state court to exhaust Grounds 4(a), 4(c), and 5(b). If Petitioner

17 chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may

18 respond to such motion as provided in Local Rule 7-2.

19 **IT IS FURTHER ORDERED** that if Petitioner elects to abandon his unexhausted

20 grounds, Respondents shall have 30 days from the date Petitioner serves his declaration of

21 abandonment in which to file an answer to Petitioner's remaining grounds for relief. The answer

22 shall contain all substantive and procedural arguments as to all surviving grounds of the petition

23

1   and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District

2   Courts under 28 U.S.C. §2254.

3       **IT IS FURTHER ORDERED** that Petitioner shall have 30 days following service of

4   Respondents' answer in which to file a reply.

5       **IT IS FURTHER ORDERED** that if Petitioner fails to respond to this order within the

6   time permitted, this case may be dismissed.

7       DATED THIS **30** day of November 2022.

8

9       _____
        LARRY R. HICKS
10      UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23